IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TLC PROPERTIES, INC., a corporate entity LAMAR ADVERTISING OF PENN, LLC, a corporate entity, collectively referred to as "LAMAR", | ) ) ) ) NO: |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PENNSYLVANIA DEPARTMENT OF TRANSPORTATION ("PennDOT"), and YASSMAN GRAMIAN, Individually and in her Capacity as Secretary of Transportation, Acting as the Chief Executive Officer of the PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, | ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants | ) |

## COMPLAINT

Plaintiffs, TLC Properties, Inc. and Lamar Advertising of Penn, LLC, (collectively referred to as "Lamar"), by and through its counsel, Victor F. Cavacini, Esquire and Gross McGinley, LLP, files the within Complaint, alleging in support thereof:

## I.   JURISDICTION

1.     Jurisdiction in this Court is properly invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as the within action relates to a deprivation of civil rights and gives rise to a federal question, which implicates 28 U.S.C. §§ 2201 and 2202, and the *Civil Rights Act of 1871,* 42 U.S.C. § 1983, and seeks a declaratory judgment under the *Declaration Judgment Act*, 28 U.S.C. 220, et. seq. of the *Federal Highway Beautification Law*, 23 U.S.C. 131 et. seq. (sometimes referred to herein as the "Federal Highway Beautification Act", and the *Pennsylvania Outdoor Advertising Control Act of 1971* (36 P.S. § 2718.101, *et. seq.*) (sometimes referred to herein as the "Pennsylvania Highway Beautification Act"), and the *Pennsylvania Eminent Domain Code*, 26 Pa. C.S.A. §101, et. seq. (sometimes referred to herein as "PA EDC"), and regulations enacted by the Defendants purportedly pursuant thereto (67 Pa. Code § 445.1, *et. seq.*), and policy and directive by the Defendants ostensibly related thereto, and that the same be declared unconstitutional under the US Constitution for reasons stated herein, including The Fifth Amendment of the "Bill of Rights", which states in relevant part ". . . nor shall private property be taken for public use without just compensation", and under Article I of the Constitution of the Commonwealth of Pennsylvania (sometimes referred to herein as "Constitutions") and other laws set forth herein.

2.      Jurisdiction in this Court is also properly invoked pursuant to 28 U.S.C. §§1331 and 1343, as the within action implicates the laws previously identified as well as the *Declaratory Judgment Act,* 28 U.S.C. 220, et. seq., and remedies thereunder and the *Civil Rights Act of 1871*, 42 U.S.C. §1983, and the Fourteenth Amendment of the US Constitution, and seeks a preliminary and permanent injunction enjoining the enforcement of regulations enacted by the Defendants purportedly pursuant to the *Federal Highway Beautification Act*, 23 U.S.C. 131 et. seq., and the *Pennsylvania Outdoor Advertising Control Act of 1971* (36 P.S. § 2718.101, *et. seq.*), and the *Pennsylvania Eminent Domain Code,* 26 Pa. C.S.A. §101, et. seq. ("PA EDC") and regulations at 67 Pa. Code § 445.1, *et. seq.,* and the award of damages related thereto.

3.      Venue is properly laid in the United States District Court, Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391 (b)(2) because Defendants, Yassmin Gramian, Secretary of Transportation, and the Pennsylvania Department of Transportation ("PennDOT") have offices located within this judicial district, and the events and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II.   THE PARTIES

4.      Plaintiff, TLC Properties, Inc., ("TLC") is a corporate entity with a principal place of business at 5321 Corporate Blvd., Suite 2A, Baton Rouge, LA 7080-2567.

5.      Plaintiff, Lamar Advertising of Penn, LLC, ("Lamar Penn") is a corporate entity with a principal place of business at 5953 Susquehanna Plaza Drive, York, PA 17406.

6.      Lamar Advertising Company, a Delaware corporation, is the parent company of TLC and Lamar Penn.

7.      The business model of the parent company is to utilize corporate entities on a nationwide basis, including Plaintiffs, TLC and Lamar Penn, in central Pennsylvania, to provide advertising services, using outdoor advertising signs to create static and digital messages for the dissemination of off-premises messages for commercial, political and public service purposes.

8.      The parent company uses discrete corporate entities as record owners of various assets.

9.      Plaintiffs, TLC and Lamar Penn, are referred to collectively as Lamar unless otherwise indicated or stated.

10.     The Defendant, Pennsylvania Department of Transportation ("PennDOT") is an agency of the Commonwealth of Pennsylvania within the

4

Department of Transportation, having a principal place of business at 400 North Street, Harrisburg, Pennsylvania 17120, and having a district office at 2140 Herr Street, Harrisburg, Dauphin County, Pennsylvania 17103.

11.    The Defendant, Yassmin Gramian (Gramian), is the Secretary of the Pennsylvania Department of Transportation (PennDOT), and acts as the Chief Executive Officer of PennDOT, having a principal place of business at 400 North Street, Harrisburg, Pennsylvania, 17120.

12.    This action is brought against Gramian individually and in her governmental capacity as set forth herein.

13.    The actions set forth herein were undertaken by Defendant, PennDOT, an agency of the Commonwealth of Pennsylvania, acting within the Department of Transportation, and Defendant, Yassmin Gramian, individually and in her capacity as the Chief Executive Officer of PennDOT.

## III.   FACTS

14.    Lamar Penn is the record owner of an outdoor advertising sign as described herein, sometimes colloquially called a billboard or just simply a sign.

15.    TLC is the record owner of an easement permitting the erection and maintenance of an outdoor advertising sign on the easement.

16.    The easement and outdoor advertising sign are located at 1700 East Market Street, York, York County, Pennsylvania.

17.   The easement and outdoor advertising sign at issue is located adjacent to US Route 462, which is a federal aid primary highway at its junction with I-83, which is an interstate highway.

18.   On October 20, 2008, Plaintiff, TLC, purchased a perpetual easement for land described as 1700 East Market Street, York, York County, Pennsylvania ("land") to maintain an outdoor advertising sign.   A copy of the "Grant of Easement" is attached hereto as Exhibit "A" and incorporated herein by reference.

19.   At the time of purchase, no outdoor advertising signs were located on the land.

20.    The record owner of the land granting the easement to Plaintiff, TLC, is MK York Properties, LLC.   The purchase price was $80,000.00.

21.   On or about 2009, Plaintiff, Lamar Penn, erected an outdoor advertising sign on the land as permitted by the easement.

22.   On January 2, 2015, the Defendants issued PennDOT permit number 8-5907 to Lamar Penn to permit the outdoor advertising sign on the land.   A copy of the permit is attached hereto and incorporated herein by reference as Exhibit "B".

23.   The outdoor advertising sign contains a logo showing that Lamar is the owner of the outdoor advertising sign.

24.   The erection of the outdoor advertising sign increased the value of the easement.

25.     The outdoor advertising sign utilizes digital technology, which permits advertising by six (6) advertisers for each passing minute, which is described in the industry as the "dwell time".

26.     The digital technology gives more value to Lamar's outdoor advertising sign.

27.     On August 27, 2020, the Defendants filed a Declaration of Taking under the PA EDC against Plaintiff, TLC, for the taking of the easement.    A copy of the Declaration of Taking is attached hereto as Exhibit "C", and incorporated herein by reference.

28. A letter accompanying service of the Declaration of Taking on Defendant, TLC, offers the sum of $10,000.00 for the "access and visibility easement", and the sum of $18,204.25 for cost of moving the sign and or if "you choose to abandon the sign in place . . . receive a tangible personal property loss payment of $35,300.00. . .". (Emphasis Added)

29.     Physical possession of the easement and outdoor advertising sign has been taken by the Defendants purportedly under the right of eminent domain.

30.     PennDOT offers $10,000.00 for the easement even though Lamar paid $80,000.00 a decade earlier.

31.     The Defendants took possession of the outdoor advertising sign without ever filing a Declaration of Taking under the PA EDC as to  its owner, Lamar Penn.

7

32.     Even though no Declaration of Taking was filed by the Defendant, PennDOT, directed to Lamar Penn, the Defendants have nonetheless taken possession of the outdoor advertising sign owned by Plaintiff, Lamar Penn, and located on the land.

33.     Lamar believes the taking of the outdoor advertising sign owned by Plaintiff, Lamar Penn, by the Defendants without the benefit of law is a taking, which violates the Fifth Amendment of the US Constitution, and Article I of the Commonwealth of Pennsylvania Constitution, which taking is facial in breadth.

34.     The "taking" represents a blatant violation of The Fifth Amendment of the Bill of Rights of the US Constitution and Article I of the Commonwealth of Pennsylvania Constitution, and constitutes a violation of due process under Article XIV of the Bill of Rights of the US Constitution giving rise to remedies afforded under 42 U.S.C. 1983 and other laws described herein.

35.     All conditions precedent to the relief demanded, including the exhaustion of administrative remedies, have either been performed or have occurred. See *Knick Township of Scott, Pennsylvania, et al,* 139 S.Ct. 2162, 204 L. Ed. 538, (2019).

36.     As in *Knick,* supra, the Defendants took possession of the outdoor advertising sign owned by Lamar Penn without compensation, nor offer of

compensation to Lamar Penn, nor pursuant to a Declaration of Taking directed to Lamar Penn by the Defendants under the Pa. EDC.

37.    Lamar estimates the value of the easement and the outdoor advertising sign totals $1,211,628.00

38.    Lamar is a person whose property is protected by the United States Constitution, as well as Pennsylvania's Constitution.

39.    Lamar's right to property includes, among other things, the right to own, lease, license or otherwise acquire an interest in land to enjoy a right to erect outdoor advertising signs along federal interstate and federal aid primary highways to disseminate commercial and non-commercial messages.

40.    Outdoor advertising signs represent a medium for expression.

41.    Lamar is engaged in the business of outdoor advertising in the Commonwealth of Pennsylvania, including York County and along interstate and federal aid primary highways, including U.S. Route 462, and more broadly, the parent company does business within the US generally.

42.    Lamar erects and maintains outdoor advertising signs as a medium for communication and expression, and disseminates messages to the public.

43.    Among the speech Lamar has disseminated in the past, currently disseminates, and intends to further disseminate, are messages pertaining to a large range of businesses selling products and services; and messages pertaining to a large

host of issues of political and/or public importance, and messages pertaining to philanthropic organizations and charitable goals.

44.  The dissemination of this commercial and non-commercial speech in a "publicly visible location" on the outdoor advertising sign taken is constitutionally protected expressive activity under the United States Constitution, as well as Pennsylvania's Constitution.

45.  All messages which Lamar disseminates on the outdoor advertising sign taken are lawful.

46.  The messages on the outdoor advertising sign taken are neither deceptive nor misleading.

47  The value of the outdoor advertising sign taken is predicated on location.

48.  The factors bearing on value of the outdoor advertising sign are the traffic count on the highway next to which the sign is located and the number of passing motorist that are exposed to the advertising material displayed on the sign.

49.  The old adage "location, location, location" is applicable to outdoor advertising sign taken.

50.  There are no opportunities to relocate Lamar's outdoor advertising sign taken by condemnation to another location within a reasonable distance given

PennDOT regulations, local zoning ordinances, and willing lessors that will permit

an outdoor advertising sign on their land.

51.   Lamar's right to own land, acquire an easement, lease, license and/or

secure other possessory right "the land taken", and to erect an outdoor advertising

sign on the land is a property right protected by the federal and state constitutions.

## IV.   CONTROVERSY

52.   This case is all about the valuation of outdoor advertising signs in the

context of eminent domain on the occasion of a taking of an outdoor advertising sign

by the Defendants for expansion of a federal designated highways along Interstate

83 near its junction with U.S. Route 402, and for reasons stated herein, in violation

of the US Constitution and Commonwealth of Pennsylvania Constitution.

53.   The critical issue is the valuation of outdoor advertising signs under the

PA EDC, and whether the Defendants have violated the U.S. Constitution and the

Commonwealth of Pennsylvania Constitution, other federal and state laws, and have

engaged in regulation,   and written directive related to regulation, deliberate and

otherwise, to limit the valuation of Lamar's easement and the outdoor advertising

sign.

54.   The regulation of outdoor advertising signs commenced in 1965 under

federal laws generally described as the "Highway Beautification Act".  23 U.S.C. §

131, *et. seq*.   The highway beautification law generally restricts the location where

outdoor advertising signs can be erected along highways receiving federal funding as well as size, dimension, and setbacks.

55.    The Federal Highway Beautification Act requires the respective state governments throughout the nation to enact laws and regulations pertaining to outdoor advertising signs consistent with the federal law in the face of loss of highway funding.

56.    A critical provision of the Federal Highway Beautification Act, relevant hereto, is as follows:

> "(g)  Just compensation shall be paid upon the removal of any outdoor advertising sign, display, or device lawfully erected under State law and not permitted under subsection (c) of this section, whether or not removed pursuant to or because of this section. The Federal share of such compensation shall be 75 per centum. Such compensation shall be paid for the following:
>
> (A)   The taking from the owner of such sign, display, or device of all right, title, leasehold, and interest in such sign, display, or device; and
>
> (B)   The taking from the owner of the real property on which the sign, display, or device is located, of the right to erect and maintain such signs, displays, and devices thereon."

21 U.S.C. 131(g)

57.    On December 15, 1971, PennDOT enacted the *Pennsylvania Outdoor Advertising Control Act of 1971*, (36 P.S. § 2718.101 *et. seq.)* to comply.

58.    A critical provision of the Pennsylvania Outdoor Advertising Control Act, relevant hereto is as follows:

"Section 9. Compensation for Removal of Outdoor Advertising Devices

    (a)    Just compensation shall be paid upon the removal of any outdoor advertising device

    (1)    lawfully in existence on the effective date of this act;

    (2)    lawfully on any highway made a part of the interstate or primary system on or after the effective date of this act; or

    (3)    Otherwise lawfully erected on or after the effective date of this act.

    (b)    Just compensation shall consist of payment for

    (1)    the taking from the owner of an outdoor advertising device of all right, title, leasehold and interest in such outdoor advertising device, and

    (2)    the taking from the owner of the real property on which an outdoor advertising device is located of the right to erect and maintain such outdoor advertising device.

    (c)    The department shall require removal of all nonconforming outdoor advertising devices lawfully on any highway made a part of the interstate or primary system on or after the effective date of this act no later than the end of the sixth year after the said highway is made a part of the interstate or primary system.

    (d)    Notwithstanding the provisions of subsections (b) and (c) of this section, the periods specified therein within which the department shall require removal of all nonconforming outdoor advertising devices may be extended, if necessary, until such time as Federal funds are available to reimburse the Commonwealth for the Federal share of the costs of removal of those signs for which Federal contribution is provided in section 131 of Title 23 of the United States Code."

(1971 (36 P.S. § 2718.101, et. seq.)).

59.    The Fifth Amendment of the Bill of Rights of the U.S. Constitution relevant hereto is as follows:

". . . nor shall private property be taken for public use, without just compensation."

60.    Article I of the Constitution of the Commonwealth of Pennsylvania

entitled "Declaration of Rights" relevant hereto is as follows:

"§1.   Inherent rights of mankind.
All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possession and protecting property and reputation, and of pursuing their own happiness. … nor shall private property be taken or applied to public use without authority of law and without just compensation being first made or secured."

61.    The Fourteenth Amendment of the Bill of Rights of the U.S.

Constitution relevant hereto is as follows:

". . . no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws."

62.    The applicable provision of the *Civil Rights Act of 1871,* 42 U.S.C.

1983 states as follows:

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress…"

14

63.    The PA EDC requires payment of just compensation for taking of property.

64.    The critical provision of the PA EDC relevant hereto is as follows:

Section 701 entitled "Just Compensation; Other Damages" states as follows:

"A condemnee shall be entitled to just compensation for the taking, injury or destruction of the condemnee's property, determined as set forth in this chapter. Other damages shall also be paid or awarded as provided in this title."
(Emphasis Added)
26 Pa. C.S.A. 701.

65.    Section 702 entitled "Manner of Damages" states, as follows:

"(a) Just compensation. – Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected by the condemnation and the fair market value of the property interest remaining immediately after the condemnation and as affected by the condemnation." (Emphasis Added)

26 Pa. C.S.A. 702.

66.    The traditional methods of valuation embraced by the Code are:  (1) sales comparison approach; (2) reproduction cost approach; (3) income approach. See 26 Pa. C.S.A. 1105.

### *Position of the Parties*

67.    The underlying issue is best understood by examining the relative positon of the parties.

15

68.     Defendants' position is that the proper measure of damages for a taking of an outdoor advertising device under the Pa. EDC is the "cost of moving" the sign and if not moved valuation as "personal property", predicated on original cost less depreciation and obsolescence

69.     The Defendants use the term "replacement cost" to communicate its message that outdoor advertising signs are easily relocated and therefore having value no more than the cost to erect a new sign.  The assertion is false.

70.     Lamar uses the term "replacement cost" herein to reflect the false narrative asserted by the Defendants that outdoor advertising signs (including the sign at issue) are easily relocated.

71.     Lamar can show that the outdoor advertising sign at issue cannot reasonably be relocated having the attributes of the outdoor advertising sign condemned.

72.     An award of "relocation costs" has little to no value unless Lamar's outdoor advertising sign can be relocated to a comparable location.

73.     The erection of an outdoor advertising sign can only be relocated given a comparable location wherein a possessory right is enjoyed by fee simple interest, easement right, leasehold right, and/or license, granted by a willing property owner, and where a municipal approval is enjoyed under a zoning/building permit granted by the host municipality, and where a PennDOT permit is enjoyed issued under the

16

*Pennsylvania Outdoor Advertising Control Act of 1971* (36 P.S. §2718.101 *et. seq.*
The foregoing is described as the "bundle of rights" issued to successfully relocate
an outdoor advertising sign taken by condemnation.

74.     So, the position of the Defendant is that there is no loss other than the
cost to move the sign, or build the sign elsewhere, and value created by the location
of the outdoor advertising sign is of no consequence.

75.     The Defendants deny that outdoor advertising signs have a value
predicated on a market based on the purchase and sale of outdoor advertising signs.

76.     Outdoor advertising signs are directed to the motoring public.

77.     An advertiser will pay more for the opportunity to disseminate a
message on an outdoor advertising sign located on U.S. Route 462 at is junction with
Interstate 83 than a location where there is minimal vehicular traffic.  The message
will reach more people.

78.     Given that an outdoor advertising sign is very desirable to an advertiser
on the federal highways, the sign will obviously command a greater sales price for
an owner wishing to sell the sign along a federal highway.  It is obvious such a sign
enjoys more value.

79.     The revenue generated by the outdoor advertising sign having a
desirable location is an obvious factor affecting the market  price of an outdoor
advertising sign and consequently the value of an outdoor advertising signs.

17

80.     To ignore that outdoor advertising signs enjoy relative value in the market place, given the signs location, is to ignore the obvious.

81.     So, the position of the Defendants is that it makes no difference if the condemned outdoor advertising sign is located at the site of the junction of U.S. 462 and Interstate 83 in York Pennsylvania, or a location along a secondary road having little vehicle traffic.

82.     Not only does Defendants' position ignore the obvious, but makes irrelevant any evidence relating to the relative market value of outdoor advertising signs given its location.

83.     Lamar does not believe the position of Defendants makes sense factually or legally.

84.     Lamar believes Defendants' position ignores the market place, is illogical, and as set forth hereafter is contrary to  federal and state laws, including the Pa. EDC, requiring the payment of "just compensation".  More importantly, given other allegations set forth herein, including the enactment of regulation, and the dissemination of false information through written directives, the actions of the Defendants rise to a taking, which is unconstitutional  permitting  remedies declared herein.

### *Personal Property*

85.     The Defendants further predicate its/their position by declaring that an outdoor advertising sign is not real property but only personal property and "just compensation" is not payable under the Pa. EDC.  The Defendants base this position on Defendants' interpretation of Section 701 of the Pa. EDC, 26 Pa. C.S.A. 701, which states "the Condemnee shall be entitled to just compensation for the taking, injury, or destruction of condemnee's <u>property</u>. . ." (Emphasis added).

86.     The Defendants equate the term "property" to real property.  Lamar disputes this interpretation.

87.     The term "property" is not defined in the Pa. EDC.

88.     The term "Condemnee" is defined, as follows:

> "Condemnee" The owner of a <u>property</u> interest taken, injured or destroyed. . .".  (Emphasis added).

Again, no definition of "property".

89.     The position of the Defendants ignores Section 703 of the Pa. EDC, which states, as follows:

> "§703.  Fair market value.
>       Fair market value shall be the price, which would be agreed to by a willing and informed seller and buyer, taking into consideration but not limited to the following factors:
>       (1)     The present use of the property and its value for that use.
>       (2)     The highest and best reasonably available use of the Property and its value for that use.

(3)    The machinery, equipment and fixtures forming
part of the real estate taken.
(4)    Other factors as to which evidence may be offered
as provided by Chapter 11 (relating to evidence)".  (Emphasis added).

90.    An outdoor advertising sign is a fixture forming part of the real estate

taken.

91.    The PA EDC does not contain any provision from which it can be

inferred that an outdoor advertising sign is limited by definition to personal property

and limited to replacement cost as the only remedy, or that "just compensation" is

not payable.

92.    There is no statutory basis for Defendants' position that an outdoor

advertising sign cannot be considered "machinery, equipment and fixtures" forming

a part of the real estate under Section 703 of the Code.

93.    The Defendants declare, through regulation and written directive

related thereto that "just compensation" is not payable for the taking of an outdoor

advertising sign.

94.    This position also ignores the Federal Highway Beautification Act and

the Pennsylvania Outdoor Advertising Control Act, which specifically require the

payment of just compensation for taking of an outdoor advertising sign.

95.    For all reasons heretofore stated, the taking of an outdoor advertising sign which is the subject of this litigation requires payment of just compensation under the Pa. EDC, and other applicable federal and state law.

### *Displaced Business*

96.    In 1970, the U.S. Congress enacted the "Uniform Relocation Assistance and Real Property Acquisitions Policy Act of 1970" (URAA) 42 U.S.C., 4601 et. seq.

97.    The declared purpose of URAA was to "establish a uniform policy for the fair and equitable treatment of persons displaced as a result of federal and federally assisted programs in order that such person shall not suffer disproportionate injuries as a result of programs designed for the benefit of the public as a whole." (Emphasis Supplied) 42 U.S.C. 4621.

98.    In 1987, the U.S. Congress amended the URAA and used "federal funding" as a means to require the states to enact legislation to mirror the federal standards for displacement.

99.    The Pennsylvania Outdoor Advertising Control Act enacted pursuant to the URAA was amended in 1989 to recognize damages associated with a displaced business. The definition of a displaced business includes an outdoor advertising sign. This provision states:

"A "business" is defined to include "any lawful activity . . . conducted primarily for outdoor advertising display purposes if the display must be removed as a result of the project." (Emphasis Supplied)  See Section 103 of the Code entitled "Definitions" 26 Pa. C.S.A. 103.

100.   So, in response to the amended URAA, the Pennsylvania Legislature amended the Pa. EDC to treat an outdoor advertising sign as a displaced business. See Section 601A (now Chapter 9) of the Pa. EDC.

101.   Section 902(b) of the Pa. EDC provides that Lamar as a displaced person is entitled to damages for dislocation measured by the "value in place" of the outdoor advertising sign, "which is not moved because of the unavailability of a comparable site for relocation or cannot be moved, without substantially destroying or diminishing its utility." (Emphasis added) See Chapter 9 of the Pa. EDC entitled "Special Damages for Displacement". Especially Section 902 of the Eminent Domain Code, 2006 May, 4, P.L. 112 No. 34 §1, 26 Pa. C.S.A. 901 et. seq.

102.   The Comment to Section 902 of the Pa. EDC states as follows:

"Under subsection (b)(1) or alternatively (b)(2), additional damages are payable for personal property used in a business or firm operation which is not moved to a new location.  Clause (1) is based on the Federal relocation act, 42 U.S.C. 4622(a)(2), but allows the greater of two measures of damages rather than the lessor as in the Federal Act. Clause (2) is entirely new and is not found in the Federal act."

22

103.   So, even if treated as "personal property", the. measure of damages under Chapter 9 of the Pa. EDC for the outdoor advertising sign that is the subject of this litigation is "value in place" because it was not moved to a comparable site and further it cannot be moved without substantially destroying it.

104.   The outdoor advertising sign that is the subject of this litigation is made of steel and affixed to the land by tons of concrete.  There is no opportunity to remove the structure and relocate it without destroying the outdoor advertising sign.

105.   The outdoor advertising sign that is the subject of this Complaint cannot be relocated without destroying it and there is no opportunity to relocate the sign to a comparable location.

106.   The remedy available to Lamar under the Pa. EDC as a displaced business to recover "value in place" is significantly different than "relocation cost".

### *Unconstitutional Regulation*

107.   PennDOT has certain powers, specifically delegated and vested through the *Pennsylvania Outdoor Advertising Control Act of 1971* (36 P.S. § 2718.101, *et. seq.*), to enact regulations (67 Pa. Code § 445.1 *et.seq.*) concerning outdoor advertising.

108.   While courts give weight to an agency's interpretation of a regulation, a court may reject an agency's interpretation where the interpretation is plainly

erroneous or inconsistent, or the regulation is inconsistent with the statute under which it is promulgated.

109.   PennDOT, however, does not have powers beyond those granted to it by virtue of the *Federal Highway Beautification Act*, and/or the *Pennsylvania Outdoor Advertising Control Act,* and/or *Pa. EDC.*

110.   The Defendants rely on, and advance as controlling law,   a regulation to define "value in place" at 37 Pa. Code 151.1 (the "regulation")  This regulation limits the remedy constitutionally and statutorily enjoyed by Lamar to receive just compensation for the taking of its easement improved by the outdoor advertising sign.  The regulation defines "value in place" as follows:

> ". . . value the personal property would have, installed in real property housing a going business, considering such factors as original cost, delivery and installation costs, physical and economic depreciation and functional obsolescence."

37 Pa. Code 151.1.

111.  The Defendants' definition for "value in place" set forth in the regulation is challenged by Lamar.

112.  The legislative history for the regulation shows that it is no longer applicable.

113.   The regulation was promulgated in 1971, and made effective on July 15, 1972, but never changed despite extensive amendments to statutory law at federal and state level.

114.   The power to promulgate a regulation related to eminent domain originally was given in 1971 to the Attorney General.  That changed.  The comment to Section 906 of the Pa. EDC reflects the change.  It states:

> "Because of the desirability of uniform interpretation and application of special damages for relocation by all acquiring agencies throughout the Commonwealth, the power to promulgate regulations is given to the Attorney General rather than to each acquiring agency."

See Comment to Section 906, Pa. EDC, 26 Pa. C.S.A. 906.

115.   The regulation at 37 Pa. Code 151.1 is therefore a regulation enacted in 1971 by the then Attorney General, but in 2006 a revision to the Pa. EDC, effective September 1, 2006, at Section 906, changed power to promulgate regulations to the "General Counsel".  It states:

> "The General Counsel may promulgate regulations necessary to assure that:
> (1) The payments authorized by this chapter shall be made in a manner, which is fair and reasonable and as uniform as practicable.
> (2) A displaced person who makes proper application for a payment authorized for that person by this chapter shall be paid promptly after a more or, in hardship cases, be paid in advance.
> (3) Any person aggrieved by a determination as to eligibility for a payment authorized by this chapter or the amount of a payment may elect to have the application reviewed by the head of the acquiring agency.

(4) Each displaced person shall receive the maximum payments authorized by this chapter.

(5) Each acquiring agency may obtain the maximum Federal reimbursement for relocation payment and assistance costs authorized by any Federal law."

26 Pa. C.S.A. § 906.

116. The 1971 regulation at 37 Pa. Code 151.1 fails to reflect the revision to the URAA, and changes to the Pa. EDC in 1989 and 2006.

117. The 1971 regulation now relied upon by PennDOT to deny just compensation is unintelligible, and contrary to federal and state law enacted then as well as thereafter.

118. The regulation deprives Lamar of the value of the outdoor advertising sign located at U.S. Route 462 taken under eminent domain

119. The Defendants are using the regulation to limit the valuation of outdoor advertising signs to "replacement cost".

120. The foregoing represents the Defendants' effort to compel "relocation cost".

121. The regulation seeks to diminish the value of outdoor advertising signs to "replacement cost" rather than "just compensation" to reflect its actual value.

122. The regulation seeks to affirm Defendants' classification that an outdoor advertising sign is personal property, which is easily moved in an effort to limit valuation to "replacement cost".

26

123.   The regulation seeks to limit the right of Lamar as an owner of an outdoor advertising sign to receive just compensation

124.   The PA EDC does <u>not</u> limit the measure of damages to the valuation of outdoor advertising signs as Defendants seek to impose by regulation, and written directive related thereto.

125.   The regulation at issue is beyond the scope of enabling statutes known as the Federal Highway Beautification Act and the Pennsylvania Highway Beautification Act and the Pa. EDC.  Indeed, the regulation violates the PA EDC. The regulation is contradictory to all applicable federal and state laws.

126.   The Defendants do not have a constitutional right to rely on a regulation to limit the valuation of outdoor advertising signs when the Defendant is the condemnor. As the old adage says, it is then the "fox guarding the chicken koop."

127.   The regulation constitutes a deprivation of due process protected under the US and State Constitutions.  The regulation violates the sign specific federal and state law of the Federal Highway Beautification Act and the Pennsylvania Highway Beautification Act, which require payment of "just compensation". 129.      The regulation deprives Lamar, as an owner of an outdoor advertising sign to just compensation which is protected under The Fifth Amendment of the Bill of Rights under the US Constitution and Article I of the Commonwealth of Pennsylvania Constitution.

128.   Lamar does not believe a fair reading of the Pa. EDC renders the remedy for the taking of an outdoor advertising sign limited to "replacement cost"

129.   At the heart of this constitutional claim is that the Defendants have taken deliberate and calculated steps  to advance a regulation, which denies to owners of outdoor advertising signs, like Lamar, "just compensation" required under the PA EDC and by U.S. and State statutes and Constitutions.

130.   The Defendants are required to pay just compensation for a taking of an outdoor advertising sign.

131.   The regulation deprives Lamar of due process under the Fourteenth Amendment of the U.S. Constitution and Article I of the Commonwealth of Pennsylvania Constitution.

132.   The Defendants have engaged in  contrived regulation and written directive related thereto containing false information, which rises to a constitutional violation of The Fifth Amendment of the Bill of Rights under the US Constitution, and Article I of the Pennsylvania Constitution, and the due process clause embodied in Fourteenth Amendment of the Bill of Rights which gives rise to remedies under Section 1983 of the Civil Rights Law of 1871.

133.   The payment of just compensation is mandated by the Fifth Amendment of the US Constitution, and Article I of the Pennsylvania Constitution and the other federal and state laws identified herein.

134.    The Federal Highway Beautification Act, the Pennsylvania Highway Beautification Act, and the PA EDC, if applied as suggested by the Defendants, deprives Lamar of its property rights.

### *Bulletin 47*

135.    Bulletin 47 is a writing prepared by Defendants intended to describe the rights of Lamar and other owners of outdoor advertising signs to just compensation. A copy of Bulletin 47 is attached hereto and incorporated herein by reference as Exhibit "D".  See Section Eleven of Bulletin 47 (4-19) entitled "Off Premise Outdoor Advertising Devices (OAD) Page 40.

136.    Bulletin 47 is authored by Defendants and disseminated to the owners of outdoor advertising signs including Lamar.      It purports to ". . . provide information to property owners who will be displaced as a result of a transportation project. . .".

137.    Bulletin 47 classifies outdoor advertising signs as "personal property". It states:  ". . .outdoor advertising devices are classified as personal property . . ." (Emphasis added). Bulletin 47, Page 41.

138.    Bulletin 47 purports to pay Tangible Personal Property Loss Payment "for the loss of the use of an outdoor advertising sign" . . . which is not moved to a new location. . .  based upon what is described as  "value in place"but limits the

29

remedy" to an amount. . . "determined by (Department's) valuation expert. . .". Bulletin 47 Page 42.

139.    Bulletin 47 is devoid of use of the term "just compensation" contained in the enabling legislation known as the Federal Highway Beautification Act at the federal level, and the Pennsylvania Outdoor Advertising Control Act at the state level.

140.    Bulletin 47 is devoid of use of the term "just compensation" contained in the enabling legislation known as the Pennsylvania Eminent Domain Code.

141.    PennDOT is declaring itself as the arbiter of "just compensation" even though it is the condemnor.

142.    Bulletin 47 denies "just compensation" as the standard for valuation of outdoor advertising signs, which is a false narrative that rises to an unconstitutional taking.

143.    Bulletin 47 purports to deny any "Business Dislocation Damages Payment" if the outdoor advertising sign is "owned by a company in the business of erecting and maintaining such outdoor advertising signs." This reference obviously includes Lamar. Bulletin 47, Page 43.

144.    Bulletin 47 treats a company engaged in the business of outdoor advertising signs differently than other businesses. This violates equal protection guarantees under the United States and Commonwealth of Pennsylvania

Constitutions.  See The Fourteenth Amendment of the Bill of Rights of the US

Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania.

145.  Bulletin 47 effectively ignores and eviscerates the Federal Highway

Beautification Act and the Pennsylvania Highway Beautification Act, and Sections

701 and 702 and 703 of the PA EDC and especially Chapter 9 and effectively

diminishes the right of Lamar to receive just compensation guaranteed by the Fifth

and Fourteenth Amendments of the U.S. Constitution and Article I of the

Commonwealth of Pennsylvania Constitution.

146.  Bulletin 47 is replete with false information about remedies available

for the taking of outdoor advertising signs.

147.  Bulletin 47 represents a concerted effort to distort and falsely describe

rights enjoyed by Lamar and other outdoor advertising sign owners to just

compensation under federal and state laws.

148.  In the case of *In Re Consul App of Chester-Upland Sch. District,* 2020

WL 582333, decided 10/1/2020, the Pennsylvania Supreme Court very recently in

the context of a tax assessment described the value of an outdoor advertising sign as

follows:

> ". . . the billboard's actual value, e.g. to a prospective purchaser,
> is best reflected by the capitalized net revenue stream that is, its
> profitability, which is a better gauge of value.  See 84 CJS Taxation §
> 588 (2020) (explaining that, under the income approach to property
> valuation, an appraiser subtracts expenses from rental income 'and then

31

capitalizes the net income at a rate an investor would expect to obtain')".

149. Bulletin 47 represents another effort by the Defendants to use regulation and written directive related thereto, and false information to deny Lamar just compensation.

150. The regulation and Bulletin 47 as applied denies Lamar just compensation for the outdoor advertising sign and easement located adjacent to U.S. Route 462.

## *Civil Rights*

151. Lamar's civil rights were violated for reasons set forth herein.

152. Under Section 1983 of the Civil Rights Act of 1871, a civil action is the appropriate remedy for any violation of the rights, privileges, or immunities provided by the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania, and monetary and injunctive relief is available

153. The Due Process Clause of the Fourteenth Amendment provides, among other things, a constitutional requirement that when the government acts in such a way that denies a citizen of life, liberty, or property interests, the person must be given notice and an opportunity to be heard.  No notice and opportunity to be heard was granted to Lamar on the occasion of the taking of the outdoor advertising sign.

154.   Lamar's property interests were taken by the Defendant without right to do so.

155.   Lamar has been denied equal protection of the law.

156.   Unless PennDOT is enjoined and relief is granted, Lamar Advertising will be deprived of its constitutionally protected property rights.

157.   No harm or prejudice will result to PennDOT if relief is granted.

158.   Lamar has no other adequate remedy at law.

159.   Lamar's right to relief is clear.

160.   Federal Courts have held that a constitutional violation exists at the moment a taking occurs without just compensation, even if a "procedure for just compensation" is contemplated prior.

161.   Lamar is entitled to be reimbursed for costs and counsel fees incurred pursuant to the *Civil Rights Act of 1871,* 42 U.S.C. § 1983.

162.   Lamar believes the Defendants have violated the US and Pennsylvania Constitutions.

163.   The actions of the Defendants have and will continue to cause irreparable harm to Lamar by depriving Lamar of its constitutional right to due process to pursue just compensation for the taking of outdoor advertising signs.

164.   There is a bona fide, actual, justifiable controversy existing between the parties.

165.   Lamar has no other adequate remedy at law, and there is an actual, practical and present need for declaratory and injunctive relief because, unless enjoined, the Defendants' actions will result in the loss of Lamar's substantial rights.

166.   Lamar has suffered damages for which it should be compensated as a result of the violation of its constitutional and civil rights as set forth herein.

167.   Lamar believes, and therefore avers that the Defendants violated Lamar's constitutional and civil rights in failing to pay Lamar "just compensation" for the easement, and outdoor advertising signs located adjacent to U.S. Route 462.

168.   It is believed and therefore alleged that the Defendants engaged in a course of conduct designed and intended to violate the constitutional and civil rights of Lamar, as well as other persons owning outdoor advertising signs, and that punitive damages should be awarded.

169.   All conditions precedent to the relief demanded, including the exhaustion of administrative remedies, have either been performed or have occurred.  See *Knick v. Township of Scott, Pennsylvania et al.*, 139 S.Ct. 2162 204 L.Ed.2d 558 (2019).

### *Declaratory Judgment*

170.     Under the Declaratory Judgment Act, 28 U.S.C. 220, this Court has the power to ". . . may declare the rights and other legal relations any interested party seeking such

declaration. . .".

171.     There is an issue as to the respective rights, status, and relationship between the parties.

### FIRST CAUSE OF ACTION – Permanent Injunction Against Enforcement of Regulation (Facial Challenge)

172.  Lamar incorporates by reference all paragraphs above of this Complaint, as if the same were set forth at length herein.

WHEREFORE, Plaintiffs, Lamar, prays:

a.     That this Court enter a declaratory judgment holding that the Defendants' regulation, and  written directive related thereto to limit just compensation to replacement cost for takings described herein is  unconstitutional on its face and as applied to Lamar, and violates the Federal Highway Beautification Act and the Pennsylvania Outdoor Advertising Control Act, and the Pa. EDC, and the Defendants are enjoined from enforcing the regulation at 37 Pa. Code 151.1 and Bulletin 47;

b.     That this Court enter a declaratory judgment holding that Defendant PennDOT's taking of the easement and outdoor advertising sign located at 1700 E. Market St., York, PA 17403-1227 deprived Lamar of their/its constitutional rights under the United States Constitution and the Commonwealth of Pennsylvania Constitution;

      c.     That Lamar be awarded compensatory damages, including just compensation for Defendants taking of the easement and outdoor advertising sign, having a value of $1,211,628.00.

      d.     That Lamar be awarded all remedies permitted under the *Civil Rights Act of 1871,* 42 U.S.C. 1983, and the Fourteenth Amendment, and as otherwise permitted by law; and

      e.     That Lamar be awarded costs, attorneys' fees, and damages in accordance with applicable federal and state law for violation of Lamar's constitutional and civil rights; and

      f.     Such other relief that this Honorable Court deems appropriate and just under the circumstances.

### SECOND CAUSE OF ACTION – Permanent Injunction Against Enforcement of Regulation (As Applied)

173. Lamar incorporates by reference all paragraphs above of this Complaint, as if the same were set forth at length herein.

      WHEREFORE, Plaintiffs, Lamar, prays:

      a.     That this Court enter a declaratory judgment holding that the Defendants' regulation, and written directive related thereto to limit just compensation to replacement cost for takings described herein is unconstitutional on its face and as applied to Lamar, and violates the Federal Highway Beautification

Act and the Pennsylvania Outdoor Advertising Control Act, and the Pa. EDC, and

the Defendants are enjoined from enforcing the regulation at 37 Pa. Code 151.1 and

Bulletin 47;

    b. That this Court enter a declaratory judgment holding that

Defendant PennDOT's taking of the easement and outdoor advertising sign located

at 1700 E. Market St., York, PA 17403-1227 deprived Lamar of their/its

constitutional rights under the United States Constitution and the Commonwealth of

Pennsylvania Constitution;

    c. That Lamar be awarded compensatory damages, including just

compensation for Defendants taking of the easement and outdoor advertising sign,

having a value of $1,211,628.00.

    d. That Lamar be awarded all remedies permitted under 42 U.S.C.

1983, and the Fourteenth Amendment, and as otherwise permitted by law; and

    e. That Lamar be awarded costs, attorneys' fees, and damages in

accordance with applicable federal and state law for violation of Lamar's

constitutional and civil rights; and

    f. Such other relief that this Honorable Court deems appropriate

and just under the circumstances.

**THIRD CAUSE OF ACTION – "Taking of Outdoor Advertising Signs" - No Declaration of Taking - Violation of the Fifth Amendment of the Bill of Rights under the U.S. Constitution and Article I of the Commonwealth of Pennsylvania Constitution - Violation of Due Process under the Fourteenth Amendment**

174. Lamar incorporates by reference all paragraphs above of this Complaint, as if the same were set forth at length herein.

WHEREFORE, Plaintiffs, Lamar, prays:

a. That this Court enter a declaratory judgment holding that the Defendants' regulation, and written directive related thereto to limit just compensation to replacement cost for takings described herein is unconstitutional on its face and as applied to Lamar, and violates the Federal Highway Beautification Act and the Pennsylvania Outdoor Advertising Control Act, and the Pa. EDC, and the Defendants are enjoined from enforcing the regulation at 37 Pa. Code 151.1 and Bulletin 47;

b. That this Court enter a declaratory judgment holding that Defendant PennDOT's taking of the easement and outdoor advertising sign located at 1700 E. Market St., York, PA 17403-1227 deprived Lamar of their/its constitutional rights under the United States Constitution and the Commonwealth of Pennsylvania Constitution;

38

        c.       That Lamar be awarded compensatory damages, including just compensation for Defendants taking of the easement and outdoor advertising sign, having a value of $1,211,628.00.

        d.       That Lamar be awarded all remedies permitted under 42 U.S.C. 1983, and the Fourteenth Amendment, and as otherwise permitted by law; and

        e.       That Lamar be awarded costs, attorneys' fees, and damages in accordance with applicable federal and state law for violation of Lamar's constitutional and civil rights; and

        f.       Such other relief that this Honorable Court deems appropriate and just under the circumstances.

## FOURTH CAUSE OF ACTION – Violation of Civil Rights

175.   Lamar incorporates by reference all paragraphs above of this Complaint, as if the same were set forth at length herein.

WHEREFORE, Plaintiffs, Lamar, prays:

        a.       That this Court enter a declaratory judgment holding that the Defendants' regulation, and written directive related thereto to limit just compensation to replacement cost for takings described herein is unconstitutional on its face and as applied to Lamar, and violates the Federal Highway Beautification Act and the Pennsylvania Outdoor Advertising Control Act, and the Pa. EDC, and

the Defendants are enjoined from enforcing the regulation at 37 Pa. Code 151.1 and Bulletin 47;

b.      That this Court enter a declaratory judgment holding that Defendant PennDOT's taking of the easement and outdoor advertising sign located at 1700 E. Market St., York, PA 17403-1227 deprived Lamar of their/its constitutional rights under the United States Constitution and the Commonwealth of Pennsylvania Constitution;

c.      That Lamar be awarded compensatory damages, including just compensation for Defendants taking of the easement and outdoor advertising sign, having a value of $1,211,628.00.

d.      That Lamar be awarded all remedies permitted under 42 U.S.C. 1983, and the Fourteenth Amendment, and as otherwise permitted by law; and

e.      That Lamar be awarded costs, attorneys' fees, and damages in accordance with applicable federal and state law for violation of Lamar's constitutional and civil rights; and

f.      Such other relief that this Honorable Court deems appropriate and just under the circumstances.

## FIFTH CAUSE OF ACTION -DECLARATORY JUDGMENT

176.   Lamar incorporates by reference all paragraphs above of this Complaint, as if the same were set forth at length herein.

WHEREFORE, Plaintiffs, Lamar, prays:

a.      That this Court enter a declaratory judgment holding that the Defendants' regulation, and written directive related thereto to limit just compensation to replacement cost for takings described herein is unconstitutional on its face and as applied to Lamar, and violates the Federal Highway Beautification Act and the Pennsylvania Outdoor Advertising Control Act, and the Pa. EDC, and the Defendants are enjoined from enforcing the regulation at 37 Pa. Code 151.1 and Bulletin 47;

b.      That this Court enter a declaratory judgment holding that Defendant PennDOT's taking of the easement and outdoor advertising sign located at 1700 E. Market St., York, PA 17403-1227 deprived Lamar of their/its constitutional rights under the United States Constitution and the Commonwealth of Pennsylvania Constitution;

c.      That Lamar be awarded compensatory damages, including just compensation for Defendants taking of the easement and outdoor advertising sign, having a value of $1,211,628.00.

d.      That Lamar be awarded all remedies permitted under 42 U.S.C. 1983, and the Fourteenth Amendment, and as otherwise permitted by law; and

   e. That Lamar be awarded costs, attorneys' fees, and damages in accordance with applicable federal and state law for violation of Lamar's constitutional and civil rights; and

   f. Such other relief that this Honorable Court deems appropriate and just under the circumstances.

      Respectfully submitted,

      GROSS McGINLEY, LLP

      BY:/s/ Victor F. Cavacini
      VICTOR F. CAVACINI, Esquire
      Attorney ID# PA 08136
      ROBERT M. CAMPBELL, ESQ
      Attorney ID# PA 324600
      33 South 7th Street, PO Box 4060
      Allentown, PA 18105-4060
      Phone:  610-820-5450
      Fax:  610-820-6006
      vcavacini@grossmcginley.com
      rcampbell@grossmcginley.com
      *Attorneys for Plaintiff*